Tukiev, J.
delivered the opinion of the court.
The premises in dispute between the parties in this case were granted by the State of North Carolina to John G. *520 Blount and Thomas Blount July 2d, 1790, Thomas Blount, -by his will, executed on 23d August, 1808, divided all his interest therein amongst the three sons and two youngest daughters of his brother, William Blount, to be divided among them or those surviving at the time of his death, charging them, however, (together with other lands devised by him in the same way,) with a suln equal to all his just debts, to be raised in such a manner as his executors should think best. John G. Blount, Willie Blount, Thomas H. Blount and William G. Blount were appointed executors to the will, of whom only two, viz: Thomas H. Blount and William G, Blount qualified as such; John G. Blount and Willie Blount having neglected so to do. John G. Blount and Thomas Blount were partners in trade in 1785, and so continued to be till 1812, when Thomas Blount died.
On the 20th day of February, 1813, John G. Blount, by his power of attorney, constituted Francis B. Fogg his agent and attorney in fact, with authority for him and in his name and for his use and benefit to make sale of all and every tract and parcel of land, land warrants or other interest in. lands of which he was seized or possessed in the State of Tennessee, and to execute conveyances for the same. This power was confirmed by said Blount on the 23d of August; 1824. A similar power, but with the additional authority to compound, agree, settle and determine all disputes, law suits, hindrances, troubles, quarrels and molestations of and concerning his lands, was made by said John G. Blount to his son, John G. Blount, junior, on the 20th day of October, 1823.
On the 27th of August, 1823, Francis B. Fogg and John G. Blount, junior, as attorneys in fact for John G. Blount, senior, sold and conveyed the premises in dispute, together with several other tracts, amounting in all to ten thousand acres, for the nominal consideration of one dollar, to John Catron; the defendant. This deed of conveyance has the following certificates of probate endorsed on it:
“State of Tennessee, Maury county. Court of errors and appeals, sixth circuit, September term, 1823. Then the within power of attorney from John G. Blount, by his attorney, Francis B. Fogg, to John Catron, was produced in open *521 court at said term, the execution thereof duly acknowledged by Francis B. Fogg as aforesaid, and ordered to be certified.”
“State of Tennessee, Davidson circuit court, November term, 1824. This indenture of bargain ánd sale between John G. Blount, senior, by his attorney in fact, John G. Blount, junior, of the one part, and John Catron of the other part, was acknowledged in open court by John G. Blount, junior, attorney in fact as aforesaid, to be his act and deed, and which is ordered to be registered.”
“State of Tennessee, Davidson county, circuit court.. This indenture of bargain and sale between John G. Blount, senior, by his attorney in fact, John G> Blount, junior, of one paid, and John Catron of the other part, was proven in open court to be the act and deed of Blount, by the oaths of Ephraim H. Foster and Thomas Martin, subscribing witnesses thereto-, and ordered to be registered. July 12th, 1825.”
This deed was registered in Weakley county on the 12th day of July, 1825, and in Obion county 21st July, 1825. On the 27th day of December, 1828, Thomas H. Blount and William G. Blount, the acting executors of the last will and testament of Thomas Blount, sold and conveyed all the lands contained in the deed executed by Francis B. Fogg and John G. Blount, junior, as the attorneys of John G. Blount, senior, to said John Catron, in satisfaction of the claims which one Elijah Robertson had upon the real estate of Thomas Blount and John G. Blount for his locative interest therein. The right to do this they claim under the poWéf in the will which authorizes the executors to fiaisé, in an^i manner they may think best, out of the testator’s lands devised to the children of William Blount, a sum équal to all his just debts.
Edmund P. Gaines, the plaintiff in error, intermarried with Barbara, one of the two youngest daughters of William Blount, and as such, a devisee under the will. She is dead, and he is tenant by the courtesy, and in possession of the premises.
Upon the trial the defendant objected to the reading of the deed executed by Francis B. Fogg and John, G. Blount, *522 junior, as attorneys in fact for John G. Blount, senior. This objection was sustained so far as to its execution by Francis B. Fogg, but overruled as to John G. Blount, junior, and the de.ed as executed by him was permitted to be read. In this we think the court below erred, because there is no sufficient evidence of its execution in the probate endorsed upon the deed. The names of the parties are mentioned, but there is no description whatever of the land or the amount conveyed; and this at the time* of the trial was fatal. But it is contended, although the deed ought not to have been read as one executed by Francis B. Fogg and John G. Blount, junior, yet that it was properly executed by Francis B. Fogg; and although, at the time It was rejected for want of sufficient probate, the law sustained the judgment of the court, yet since an act of the legislature of the State having made the probate good, and the deed having been read, the court will now consider it as a deed executed by Francis B. Fogg. To this course there are two unanswerable objections:
1. We are compelled to decide the case upon the law as It stood at the time of the trial. If this were not so a judge would never know when he had settled the rights of parties. He decides the case as the law is and before the revising court meets the legislature changes the law and his judgment is reversed and a different one given, not because he committed an error but because the law has undergone a change. This question was before us at Nashville last term, and was decided as it now is.
2.,The deed as executed by Francis B. Fogg is not before the court; no more so than if it had been upon a distinct and separate piece of paper from that executed by John G. Blount, junior._ They were not joint attorneys in fact, but each in his own individual capacity was taking upon himself the representation of John G. Blount, senior; and their having signed the same deed has not made it their joint deed. But supposing the deed executed by Francis B. Fogg to have been sufficiently proven, the next question for consideration is, how much of the land in dispute does it convey? The plaintiff in error says the one half, the defendant the whole. We have seen that the land was granted to Thomas Blount *523 and John G. Blount, and it is contended thatmasmuch as they , , , . i • were partners m trade at the time, the right oí existed in John G. Blount upon the death of Thomas Blount. Let us examine this proposition. By the act of 1784, ch. 22, the right of survivorship among joint tenants is abolished, with the proviso however, “that estates held in joint tenancy for the purpose of carrying on and promoting trade and commerce, or any other useful work or manufacture, established and pursued with a view of profit to the parties therein concerned, shall be vested in the surviving partner or partners in order to enable him or them to settle and adjust the partnership business and pay off the debts which may have been contracted in pursuit of the said joint business.” There can be no pretence for saying that the land in dispute in this case was held in joint tenancy by John G. Blount and Thomas Blount for the purpose of carrying on and promoting trade and commerce, or any other useful work or manufacture. There is nothing from which we can say it was bought by them in their partnership name; it is only by implication that the conclusion that it was paid for out of partnership effects can be arrived at. And, in the power of attorney to Francis B. Fogg and John G. Blount, junior, John G. Blount, senior, does not treat it as partnership property. He does not authorize a sale for partnership purposes; but the sales are to be of his lands and for his use. We therefore think that the deed executed by Francis B. Fogg, if it convey any thing, only conveys half the land, and that no more under any circumstances can be recovered. As to the question arising upon the deed from the acting executors of Thomas Blount, deceased, which is, whether when there are several executors, and some qualify and others neglect without a relinquishment of their right in open court, those who qualify can execute, without those who do not, a trust reposed in the executors of the will to raise money by the sale of real estate, we forbear giving an opinion, as it is not pressed by the plaintiff and has not been argued by the defendant.
The judgment of the circuit court will be reversed and the case remanded for a new trial,.